UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NINA K. BEHRENS,<br><br>      *Plaintiff*,<br><br>    v.<br><br>MICHAEL R. POMPEO, Secretary, United States Department of State,<br><br>      *Defendant*. | Civil Action No. 16-1590 (TJK) |

## MEMORANDUM OPINION AND ORDER

In this Title VII suit for retaliation (Count One) and retaliatory hostile work environment (Count 2), Plaintiff Nina Behrens alleges that the Department of State denied her high-level interpreting assignments that she was entitled to, unfairly criticized her conduct, and suspended her twice without pay, all in retaliation for her prior discrimination complaints against her boss Patricia Arizu and others (which were settled in 2012) and for her ongoing and vocal opposition to State's alleged retaliation. *See* ECF No. 1; ECF No. 12.

\* \* \*

Summary judgment is appropriate if the movant shows that, viewing the evidence in the light most favorable to the non-movant, there is "no genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), and "no reasonable jury could reach a verdict" in the movant's favor, *Lopez v. Council on Am.-Islamic Rels. Action Network, Inc.*, 826 F.3d 492, 496 (D.C. Cir. 2016).

A claim for Title VII retaliation requires a plaintiff to show (1) that she "engaged in statutorily protected activity," *Jones v. Bernanke*, 557 F.3d 670, 677 (D.C. Cir. 2009); (2) a "materially adverse action by [her] employer," *id.*, that would "dissuade[] a reasonable worker from making or supporting a charge of discrimination," *Burlington N. & Santa Fe Ry. Co. v.*

*White*, 548 U.S. 53, 68, 71 (2006) (citation omitted); and (3) "a causal link [that] connects the two," *Jones*, 557 F.3d at 677.

While the Court is skeptical that State's diminution of Behrens's responsibilities and criticism of her conduct were materially adverse, it need not decide that issue because at a minimum, she has presented a genuine issue of material fact regarding whether her 2014 and 2015 unpaid suspensions, which State concedes are materially adverse, ECF No. 28-1 at 25,[1] were causally linked to her 2012 discrimination complaints and retaliation complaints throughout the rest of her tenure at State.

According to Behrens, in January 2013, Deputy Director Kate Yemelyanov—the "main liaison on HR issues" to Director Thomas Hufford, ECF No. 33-30 at 21, who doled out both of Behrens's suspensions—told Behrens that "unless [she] stopped [her] complaints and opposition to Arizu's retaliation [she] may have to leave the agency." *See* ECF No. 33-7 at 16–17; ECF No. 33-6 at 5.

Viewing that evidence, along with the rest of the record, in the light most favorable to Behrens, a reasonable jury could find that Behrens's unpaid suspensions were caused by her 2012 discrimination complaints and her other complaints that she was the victim of retaliation, insofar as Yemelyanov also: (1) knew about Behrens's 2012 discrimination complaints, *see* ECF No. 33-7 at 5, and Behrens's subsequent allegations of retaliation, *see* ECF No. 29-17 at 25; ECF No. 29-27; ECF No. 33-38; (2) was involved with several misconduct charges that State cited to justify Behrens's suspensions, *see, e.g.*, ECF No. 29-17 at 5–6, 25; ECF No. 33-29; (3) "continuously argued for [Behrens's] suspension to both Hufford and Human Resources" in

---

[1] The citations in this Memorandum Opinion and Order adopt the pagination in the ECF-generated headers of the parties' filings.

the weeks before Hufford proposed her 2014 suspension, *see* ECF No. 33-9 at 5–6, 14; and (4) spoke "viciously" about Behrens and Behrens's allegations of a retaliatory hostile work environment a few months before State proposed Behrens's 2015 suspension, remarking that "there have to be implications for her," *see* ECF No. 33-30 at 21–22; *see also* ECF No. 33-29. The Court also notes that it is not clear whether Hufford's decision to suspend Behrens was "insulated from the . . . influence" of Behrens's assigning supervisor Yun-hyang Lee, *Griffin v. Washington Convention Ctr.*, 142 F.3d 1308, 1312 (D.C. Cir. 1998), who a reasonable jury could find was also motivated by retaliatory animus and pushed Hufford to discipline Behrens, *see Morris v. McCarthy*, 825 F.3d 658, 668 (D.C. Cir. 2016). *See, e.g.*, ECF No. 29-17 at 33; ECF No. 29-20 at 34; ECF No. 33-3 at 4–5.

Admittedly, it is difficult to parse Yemelyanov and Lee's alleged animosity toward Behrens's protected EEO activity from their perhaps legitimate criticism of her alleged misbehavior. Still, Behrens has produced enough evidence for a jury to find that those criticisms and the 2014 and 2015 unpaid suspensions that followed were "pretexts for retaliation." *Hernandez v. Pritzker*, 741 F.3d 129, 133 (D.C. Cir. 2013). Of course, whether that evidence ends up carrying the day at a trial is another matter.

In contrast, there is not enough evidence for Behrens's retaliatory hostile work environment claim to make it past summary judgment, *see* ECF No. 33 at 49–52. That claim requires that she show her employer "subjected [her] to discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008) (cleaned up). The Court agrees with another court in this District that rejected a similar effort to "transform . . . challenges to discrete acts of alleged . . . retaliation . . . into a hostile

3

work environment claim by combining those events with a series of ordinary workplace difficulties." *Nurriddin v. Bolden*, 674 F. Supp. 2d 64, 94 (D.D.C. 2009). "Plaintiff's allegations of disparaging remarks, criticisms of [her] work, and other negative comments do not sufficiently demonstrate a significant level of offensiveness. . . . Nor can the removal of important assignments, lowered performance evaluations, and close scrutiny of assignments by management be characterized as sufficiently intimidating or offensive in an ordinary workplace context. . . . Furthermore, the alleged events are temporally diffuse, spread out over a four-year period, suggesting a lack of pervasiveness." *Id.*; *see also* ECF No. 44 at 23–24.

\*    \*    \*

Therefore, it is hereby **ORDERED** that (1) Defendant's Motion for Summary Judgment, ECF No. 28, is **DENIED IN PART** as to Count One and **GRANTED IN PART** as to Count Two; (2) the parties shall appear for a telephonic status conference on October 1, 2020, at 10:00 a.m., in advance of which the parties shall meet and confer on the prospects for mediating the case; and (3) the parties shall contact the Courtroom Deputy at (202) 354-3495 at least one business day in advance to make arrangements to appear.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 10, 2020